# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHERRI LYNN JOHNSON,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　Case No.  6:06-cv-1716-Orl-31UAM

**PETSMART, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO COMPEL DISCOVERY (Doc. No. 42)** |
| **FILED:** | September 26, 2007 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO COMPEL DISCOVERY (Doc. No. 43)** |
| **FILED:** | September 26, 2007 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Plaintiff moves to compel two non-parties to comply with subpoenas for production of documents.  Plaintiff has failed to establish that the subpoenas were issued or served in compliance with Fed. R. Civ. P. 45.  Therefore, there is no basis to issue an order compelling compliance.

**I.     FACTS**

Plaintiff states that it "dispatched" a subpoena duces tecum without deposition to "Diversified Maintenance Systems, Inc." on March 15, 2007.  Doc. 42 at ¶ 1.  In response to an inquiry by Plaintiff's counsel's office on May 28, 2007, a person named "Teresa" (whom Plaintiff believes was the records custodian for Diversified Maintenance) informed counsel's office that she did not have a copy of the subpoena in her possession.  Doc. 42 at ¶ 2.  On June 1, 2007, Plaintiff's counsel sent a copy of the subpoena by facsimile to Teresa's attention.  Doc. 42 at ¶ 3.  On June 20, 2007, Plaintiff's counsel received a facsimile from Diversified Maintenance with certain documents and a cover letter stating, "Here is all the information I can provide."  Doc. 42 at ¶ 5.  The motion does not state who, if anyone, signed the cover letter.  Plaintiff contends that Diversified Maintenance's production failed to respond completely to the subpoena.  Doc. 42 at ¶ 6.

Similarly with respect to Sunkey Janitorial, Plaintiff states that a subpoena duces tecum without deposition was "dispatched" on or about July 11, 2007.  Doc. 43 at ¶ 1.  Plaintiff's counsel alleges that on July 25, 2007, his investigator spoke by telephone to the owner of Sunkey and the owner purportedly said that he would "send whatever records he had."  Doc. 43 at ¶ 2.  No records were produced, and subsequent efforts to contact Sunkey were unsuccessful.  Doc. 43 at ¶¶ 3-6. Plaintiff's counsel learned that at some point that Sunkey was "no longer in service."  Doc. 43 at ¶ 5.

Plaintiff's motions failed to attach copies of the subpoenas at issue and fail to provide any evidence that service upon the two non-parties was effected.  Plaintiff also failed to serve the motions to compel on the non-parties.

**II.     ANALYSIS**

Contempt is the only sanction available against a non-party witness for failure to comply with a subpoena. Fed. R. Civ. P. 45(e). Before the Court will order enforcement of a subpoena, the party seeking the order must show that it has complied with Rule 45. "A party may only be compelled to comply with a properly issued and served subpoena." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995). *See also, Holloman v. Mail-Well Corp.*, 443 F.3d 832, 843-44 (11th Cir. 2006) (finding no basis to reverse district court for denying motion to compel compliance with deposition subpoena when moving party failed to prove subpoena ever issued); *Cincinnati Ins. Co. v. Cochran*, 2004 WL 5246993 *2 (N.D. Fla. December 9, 2004) (failure of moving party to show service of the subpoena alone supports denial of a motion to compel). Only after the moving party establishes *prima facie* compliance with Rule 45 does the burden shift to the subpoenaed party if it raises any objections. *Cf. Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive") (internal quotation marks omitted); *U.S. v. Armada Petroleum Corp.*, 562 F.Supp. 43, 50 (S.D. Tex. 1982) ("Once the government has made out a *prima facie* case for enforcement of an administrative subpoena, the burden is upon the respondents to prove that judicial enforcement of the administrative subpoena would be an abuse of the court's process.").

Plaintiff fails to establish *prima facie* compliance with Rule 45. Initially, Rule 45 requires that the subpoena be in a specific form, including, *inter alia,* text advising the subpoenaed person of his

or her rights and responsibilities. Fed. R. Civ. P. 45(a). As Plaintiff fails to attach the subpoenas in question, the Court cannot verify the form or content of the subpoenas.[1]

Plaintiff also fails to establish that the subpoenas were properly served. A statement that the subpoenas "were dispatched" falls far short of establishing effective service. To the extent that Plaintiff states that the subpoena to Diversified Maintenance was sent by facsimile to the purported records custodian, there is no showing that the subpoena was directed to the "records custodian" as opposed to "Diversified Maintenance Systems, Inc." Doc. 42 at ¶ 1. Further, service of a subpoena by facsimile does not satisfy Rule 45's requirement that the subpoena be "delivered" to the subpoenaed person. *See, Firefighter's Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (service of subpoena to non-party by facsimile and regular mail was ineffective).

**DONE** and **ORDERED** in Orlando, Florida on October 2, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that deposition subpoenas issued to other non-parties failed to comply with the form required by Fed. R. Civ. P. 45(a). Doc. 36-2.