# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHERRI LYNN JOHNSON,**

        **Plaintiff,**

**-vs-**                            **Case No.  6:06-cv-1716-Orl-31UAM**

**PETSMART, INC.,**

        **Defendant.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE [47] WITNESS LIST (PLAINTIFF'S REBUTTAL EXPERT) AND TO PRECLUDE THE REBUTTAL EXPERT FROM TESTIFYING AT THE TRIAL (Doc. No. 49)** |
| **FILED:** | **October 2, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant PetSmart, Inc. ("PetSmart") moves to strike Plaintiff Sherri Lynn Johnson's rebuttal

expert, Luke Miorelli, and to prevent Miorelli from testifying at trial.  PetSmart argues that Miorelli's

report exceeds the scope of PetSmart's report and, therefore, is a primary expert report that should

have been disclosed by the deadline for Plaintiff's experts set forth in the Case Management and

Scheduling Order ("CMSO").  Alternately, PetSmart argues that because the CMSO did not provide

for rebuttal experts, Plaintiff was foreclosed from designating a rebuttal expert.  PetSmart also attacks

Miorelli's methodology and argues that Miorelli's opinions are based on speculation.  Doc. 49 at 3.

Finally, if the Court does not strike the expert, PetSmart seeks an extension of all of the CMSO deadlines by at least 30 days.

I.   **FACTS**

Plaintiff alleges that she was injured on February 3, 2005, when she slipped on water on the floor of the women's restroom at a PetSmart store located at 1800 Evans Rd., Melbourne, Florida. Plaintiff claimed that the water was caused by a leak around the toilet in the stall that she occupied, and that it appeared to her that the water had been there for some time.

Plaintiff contends that PetSmart lead her counsel to believe that PetSmart did not attribute the condition of the women's restroom to any third person. Plaintiff, therefore, did not believe there was a need for a primary expert. The parties never discussed the possibility of rebuttal experts when preparing their Case Management Report. Upon receiving PetSmart's expert's report, Plaintiff interpreted the report as attributing part of the restroom's condition to an outside janitorial service company. Plaintiff claims it was only after PetSmart disclosed its expert's report that the need for a rebuttal expert became apparent. Plaintiff disclosed Miorelli's report within thirty days after disclosure of PetSmart's expert's report and prior to the discovery deadline.

II.   **ANALYSIS**

   A.   **Whether Miorelli's Report is a Rebuttal Opinion**

PetSmart contends that the subject matter of its expert's report was whether PetSmart had notice of any ongoing leaking problem. Doc. 49. PetSmart contends that because Miorelli's report addresses the cause of the water leakage, it exceeds the scope of PetSmart's expert's report and is not proper rebuttal evidence.

-2-

Federal Rule of Civil Procedure 26(a)(2)(C) provides in relevant part:

> In the absence of other directions from the Court or a stipulation by the
> parties, the disclosure shall be made at least 90 days before the trial
> date or the date the case is ready for trial or, if the evidence is intended
> *solely* to contradict or rebut evidence *on the same subject matter*
> identified by another party under Paragraph (2)(B), within 30 days after
> the disclosure made by the other party . . .

Fed. R. Civ. P. 26(a)(2)(C) (emphasis added).  The district court has broad discretion in deciding what

constitutes proper rebuttal evidence.  *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental,*

*Inc.*, 944 F.2d 597, 601 (9th Cir. 1991) (*citing Datamatic Servs., Inc. v. United States*, 909 F.2d 1029,

1033 (7th Cir.1990).

A review of PetSmart's expert's report reveals that it expresses more than just an opinion

regarding notice.  The report contains four bulleted points that state the expert's primary opinions.

They are:

- The washroom was found to be clean and well maintained.

- No evidence was found at any of the water supply lines that would indicate ongoing

  long-term leakage from those components.

- Floor drainage was found to be appropriate, in that a drain was located in the center of

  the washroom, with the tile floor sloping toward the drain.

- No evidence was found in the maintenance records to indicate the presence of prior

  leakage from the washroom plumbing components.

Doc. 51-2 at 1-2.  Miorelli's report responds to these very points.  Miorelli identifies maintenance

records from which he concludes there was evidence of prior leakage.  R. 51-4 at1-2.  He also

identifies evidence that reflected that the toilets were rocking, and that there was a leaking wax seal at the toilet flange.  R. 51-4 at 2.  These clearly relate to whether the restroom was well maintained.

Further, although not a major point, PetSmart's expert's report opines that the "moisture" observed in the restroom is due to the cleaning process.  R. 51-2.  Miorelli's opinion that failure to properly secure the toilets to the toilet flanges and leakage from the wax seal was the cause of the water on the floor controverts PetSmart's expert as to the source of the water.  R. 51-4 at 2.  Miorelli's report, therefore, is on the same subject matter addressed by PetSmart's expert.  The Court finds that Miorelli's report falls within the permissible scope of rebuttal evidence.

**B.    Timeliness of Rebuttal Expert Designation**

As stated above, Rule 26(a)(2)(C) allows designation of rebuttal experts within thirty days after the other party's disclosure.  The real issue is whether this thirty-day deadline still applies when the Court issues a scheduling order that is silent as to when to designate rebuttal experts.

There is no precedential authority addressing the application of the thirty-day deadline in these circumstances.  Most district courts that have addressed the issue, however, have ruled that a scheduling order nullifies the deadlines set forth in Rule 26(a)(2)(C) and if the scheduling order does address rebuttal experts, rebuttal experts are not allowed.  *See, Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("the discovery plan did not permit a third tier of expert disclosure as plaintiff contends . . . [W]hen there is a discovery plan covering expert disclosures, the plan controls and not the explicit provisions of Rule 26(a)(2)(C)."); *IBM v. Fasco Indus., Inc.*, 1995 WL 115421 *2 (N.D. Cal. 1995) (excluding supplementary disclosures because when "the court crafted its own schedule for expert disclosures, the mechanism set forth in Rule 26 was nullified, including

-4-

the provision for supplementary disclosures."). *But see, Walker v. Yellow Freight Sys., Inc.*, 1999 WL 757022 *3 (E.D. La. 1999) ("the Pretrial Scheduling Order does not override the provisions of Rule 26(a)(2)(C) because the Order does not provide a deadline for disclosure of rebuttal witnesses.").

Given the current state of law, it would have been prudent for Plaintiff to file a motion to allow designation of a rebuttal expert. Even if the Court were to apply the same reasoning as a majority of other district courts in finding that the scheduling order supplants Rule 26(a)(2)(C)'s provisions regarding the designation of experts, the Court finds that good cause exists to modify the CMSO and allow Plaintiff to designate a rebuttal expert.

To avoid prejudice to PetSmart, the Court will extend the discovery deadline to **November 15, 2007**, for the sole purpose of conducting discovery related to Plaintiff's rebuttal expert. The Court also will extend the dispositive motion deadline and *Daubert* motion deadline to **December 14, 2007**. The parties have failed to establish good cause to extend any other deadline and the Court denies the request to extend all other deadlines.

### C.    Reliability of Miorelli's Opinion

PetSmart also makes a half-hearted effort to exclude Miorelli's opinion based on alleged speculation and unreliability of his opinion. Based on PetSmart's vague arguments, the Court is unwilling to find at this time that Miorelli's testimony should be excluded from evidence. This ruling is without prejudice to PetSmart's filing a motion pursuant to *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579 (1993).

**CONCLUSION**

PetSmart's motion to strike Miorelli's report and to exclude his testimony from trial is denied. The Court extends the discovery deadline to November 15, 2007, for the sole purpose of conducting discovery related to Plaintiff's rebuttal expert. The Court also extends the dispositive motion deadline and *Daubert* motion deadline to December 14, 2007.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE